IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AIRLINER L.L.C. a/k/a AIRLINER MOTEL
CORP., et al.,

     Plaintiffs,

     v.                                Case No. 19-1117-JWB

ACCEPTANCE CASUALTY INSURANCE
COMPANY,

     Defendant.

## ORDER TO SHOW CAUSE

Plaintiff filed this breach of contract action related to disputed insurance coverage after a structural fire.[1] The complaint alleges this court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse.[2] However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. For example, if the business is a corporation, its citizenship is both the state where its incorporated and the state where its principal place of business

---

[1] ECF No. 1.

[2] *Id.*

1

is located.³  And if the business is an unincorporated association (such as a limited liability company, general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members.⁴  The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper.⁵  It "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."⁶

Here, the complaint states that plaintiff Airliner L.L.C. is a Kansas company and that plaintiff Four S, Inc. is a Kansas corporation.⁷  However, it is silent as to the identity and citizenship of the individual members of Airliner L.L.C. and silent as to the principal place of business of Four S, Inc.  Similarly, the complaint indicates that defendant's domicile is Nebraska, and, while it notes a "principal office" in Nebraska, it is unclear whether that is the principal place of business.⁸  Thus, the allegations fail to establish

---

³ 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

⁴ *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

⁵ *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

⁶ *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

⁷ ECF No. 1.

⁸ ECF No. 1.

citizenship for diversity jurisdiction purposes.

IT IS THEREFORE ORDERED that by **June 21, 2019,** the parties shall file a joint status report, with affidavits attached, demonstrating the citizenship of each of the defendants and showing cause to the presiding U.S. District Judge, John W. Broomes, why this case should not be dismissed for lack of jurisdiction.

Dated June 7, 2019, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
